UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,  :  Case No. 3:12-cr-49
  :
vs.  :  Judge Timothy S. Black
  :
TYLER HAMILTON,  :

**ORDER DENYING DEFENDANT'S DISCOVERY MOTIONS**

This criminal case is before the Court on Defendant's: (1) motion for a bill of particulars (Doc. 25); (2) motion for discovery (Doc. 26); (3) motion for preservation of case agents' notes (Doc. 27); (4) motion for production of exculpatory evidence (Doc. 28); (5) motion for pretrial notice of other bad acts evidence (Doc. 29); and (6) motion for notice of expert testimony (Doc. 30). The Government filed responsive memoranda. (Docs. 31, 32, 33, 34, 35). Defendant did not file a reply.

### I.  BACKGROUND FACTS

During 2012, a federal grand jury returned a multi-count indictment, charging Mr. Hamilton with violations of federal drug laws.

### II.  ANALYSIS

**A.  Motion for a Bill of Particulars**

Defendant requests that the Government provide a bill of particulars pursuant to Rule 7(f).

The Sixth Circuit summarizes the standards applicable to a motion for a bill of particulars as follows:

> Rule 7(f) states that "the defendant may move for a bill of particulars." Fed. R. Crim. P. 7(f). The purpose of a bill of particulars is to inform the defendant of the charges against him "if this is necessary to the preparation of the defense, and to avoid prejudicial surprise at the trial." 1 Charles Alan Wright, Federal Practice & Procedure § 129 (3d ed. 1999); *see United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976). Thus, the test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise. *See* Federal Practice & Procedure § 129l. The bill of particulars is not intended as "a means of learning the government's evidence and theories." *Ibid.* A defendant is not entitled to a bill of particulars if the purpose of the bill is to obtain a list of the Government's witnesses or to discover all of the over acts that might be proven at trial. *See United States v. Largent*, 545 F.2d 1039, 1043 (6th Cir. 1976).

*United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008). In determining whether to order the Government to provide a bill of particulars, the Court may consider such factors as "the complexity of the crime charged, the clarity of the indictment, and the degree of discovery and other sources of information otherwise available to the defendants." 1 Charles Alan Wright, Federal Practice & Procedure § 130 (4th ed. 2009). Therefore, where an indictment has set out the charges in sufficient detail, no bill of particulars is necessary.

A bill of particulars is unnecessary in this case because the indictment is sufficiently specific. Defendant can readily "discern the nature of the charges pending against [him] or the time frame in which the alleged acts occurred." *United States v. Martin*, 822 F.2d 1089, 1087 (6th Cir. 1987). To the extent that the Court must forecast the likely nature of proof at trial, it observes that the Government has provided extensive

discovery and supplied details in the indictment. The motion appears to inappropriately seek "a more detailed description of the Government's proof" against him. *United States v. Ridley*, 199 F. Supp. 2d 704, 708 (S.D. Ohio 2001). Defendant has not demonstrated that the details sought are essential to his defense or to avoid surprise, and his preparation for trial will not be compromised by the level of detail provided in the indictment. Moreover, the Government has apparently produced substantial discovery detailing, among other things: (1) the events surrounding the criminal charges; and (2) the individuals who participated in the drug scheme.

Therefore, Defendant's motion for a bill of particulars (Doc. 25) is denied.

**B.     Motion for Discovery, *Brady*, and *Jencks* Act Material**

Defendant requests various discovery pursuant to Fed. R. Civ. P. 16, which allows a defendant to conduct pretrial discovery for five types of information: (1) the defendant's own oral, written, and recorded statements; (2) defendant's prior criminal record; (3) certain documents and objects; (4) certain examination and test reports; and (5) the content and bases of expert testimony upon which the government intends to reply. *See also Brady v. Maryland*, 373 U.S. 83 (1963) (due process requires the prosecution to disclose, upon request, evidence favorable to an accused when such evidence is material to guilt or punishment). Defendant also requests that the Government disclosure any evidence favorable to him and material to guilt or punishment pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) (the government must produce material evidence under its

possession or control that is exculpatory or favorable to the defendant).

The Government maintains that it has produced numerous pages of discovery, including many of the materials requested, and that the remaining portion of the discovery requests seek information beyond the scope of what he is entitled.[1] The Government maintains that it has produced and will continue to produce any *Brady* materials within its possession and comply with its obligations to disclose impeachment material under *Giglio*. Specifically, the Friday prior to the start of trial, the Government will disclose criminal history reports and prior material acts of misconduct, if any, of its trial witnesses and any material benefits that any witness has received in exchange for his or her cooperation. (Doc. 34).

Without citation to any legal authority, Defendant demands that the Government disclose the names of its witnesses at trial. However, the Sixth Circuit "has firmly established that defense counsel is not entitled to know in advance of trial who will testify for the government." *United States v. McCullah*, 745 F.2d 350, 353 (6th Cir. 1984). Thus "a defendant is not entitled to the names and addresses of government witnesses." *Unites States v. David*, 306 F.3d 398, 420 (6th Cir. 2002).

With respect to confidential informants, the Government has the privilege of

---

[1] Specifically, to fall within the ambit of *Brady*, evidence must be "material," meaning that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result in the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). The defendant bears the burden of demonstrating the materiality of requested documents. *United States v. Si*, 343 F.3d 116, 1122 (9th Cir. 2003).

withholding the identities of persons who provide information concerning violations of the law. *Roviaro v. United States*, 353 U.S. 53 (1957). To obtain disclosure of an informant's identity, the defendant bears the burden of demonstrating that disclosure of the informant's identify would substantively assist his defense. *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992). Accordingly, "[a]n informant must be disclosed only upon a showing by the defendant that disclosure is essential to a fair trial." *Id.* Here, Defendant has failed to carry that burden. He offers no basis for disclosing the existence of any confidential informants. Moreover, it is well-established that disclosure is generally not required "when the informer was not a participant, but was a mere tipster or introducer." *United States v. Sharp*, 778 F.2d 1182, 1186, n.2 (6th Cir. 1985). The Government discloses, however, that it may call an informant who, at the direction of law enforcement, purchased heroin from Mr. Hamilton. (Doc. 34 at 9). The Government states that it will provide *Giglio* information about this person prior to trial; however, his identity and whereabouts may remain private until trial. *United States v. Perkins*, 994 F.2d 1184, 1190-91 (6th Cir. 1993).

Defendant also requests that the Government produce *Jencks* material (*see* 18 U.S.C. § 3500) in advance of trial. The *Jencks* Act expressly provides that the government is not obligated to disclose information until after a witness has testified. 18 U.S.C. § 3500(a). Moreover, the Sixth Circuit has repeatedly held that said statute must be followed and that, therefore, the government cannot be compelled to disclose *Jencks*

material prior to trial. *See e.g., United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988) ("The clear and consistent rule of this circuit is that the intent of Congress expressed in the [Jencks] Act must be adhered to and, thus, the Government may not be compelled to disclose Jencks Act material before trial."). Although the Government's obligation under this statute does not occur until after a witness testifies, the Government has already provided Defendant's counsel an opportunity to review a substantial portion of the *Jencks* materials and will produce any remaining *Jencks* materials the Friday before trial.[2] (Doc. 34 at 6).

Accordingly, based on the legal standard and the Government's response, the motion for discovery (Doc. 26) is denied as moot.

### C. Motion for Preservation of Case Agents' Notes

Next, Defendant moves for an Order requiring the Government to preserve all witness statements, including rough notes taken and interview summaries prepared during the investigation of this matter by any law enforcement personnel acting as agents for the Government.

The Government maintains that the federal agents will preserve notes taken or summaries prepared during the interviews of witnesses in this matter and will make these

---

[2] *See, e.g., United States v. Bush*, CR-3-99-046, 2000 U.S. Dist. LEXIS 21594, at *9 (S.D. Ohio Nov. 2, 2000) (J. Rice) ("It is this Court's experience that the United States Attorney discloses *Jencks* material the day before a witness will be called to testify. Following that normal practice in this case will allow the trial to proceed without the need for frequent interruptions to allow defense counsel to prepare for cross-examination.").

notes and summaries available for inspection the Friday before trial. (Doc. 31 at 1).

Accordingly, Defendant's motion for preservation of case agents' notes (Doc. 27) is denied as moot.

### D. Motion for Exculpatory Evidence

Next, Defendant moves for an Order compelling the Government's production of all evidence known or which may become known which is favorable to him and material to either guilt or punishment. As explained *supra* (Section II.B) Defendant's motion (Doc. 28) is denied as moot.

### E. Motion for Pretrial Notice of Defendant's Other Bad Acts

Next, Defendant moves this Court for an Order directing the Government to disclose any evidence it intends to introduce against him: (1) regarding prior or subsequent criminal conduct and/or "bad acts"; (2) evidence pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence; (3) evidence concerning a co-conspirator (regardless of whether said co-conspirator was charged or named in the indictment) regarding prior or subsequent criminal conduct and/or "bad acts"; and (4) evidence pursuant to Rules 404(b) and 609, concerning a co-conspirator.

The Government notes that it is well aware of its notice obligations under Rule 404(b)[3] and intends to comply therewith. (Doc. 32 at 1). Additionally, the Government

---

[3] Fed. R. Evid. 404(b) requires that the prosecution provide "reasonable notice" of such evidence in advance of trial or during trial upon good cause shown. *See, e.g., United States v. Corsmeier*, No. 1:06cr76, 2007 U.S. Dist. LEXIS 87215 (S.D. Ohio Nov. 27, 2007) (holding that one week notice of Rule 404(b) evidence constituted "reasonable notice" under Fed. R. Evid. 404(b)).

discloses that it intends to introduce evidence that Mr. Hamilton shot an individual during a heroin deal during late 2011. (*Id.*)

Accordingly, Defendant's motion for pretrial notice of other bad acts evidence (Doc. 29) is denied as premature.

### F. Notice of Expert Testimony

Finally, Defendant moves for an Order pursuant to Rule 16(a)(1)(G), compelling the Government to disclose the identities of expert witnesses and provide written summaries that may be introduced at trial.

The Government maintains that it previously produced reports from and information concerning various experts, including forensic chemist Jennifer Watson and FBI special agent Robert Buzzard. Accordingly, the Government has complied with and notes that it will continue to comply with its discovery obligations pursuant to Fed. R. Crim. P. 16(a)(1)(G).

Therefore, Defendant's motion for notice of expert testimony (Doc. 30) is denied as moot.

### III. CONCLUSION

For the foregoing reasons, the Court finds that:

1. Defendant's motion for a bill of particulars (Doc. 25) is **DENIED**;

2. Defendant's motion for discovery (Doc. 26) is **DENIED** as **MOOT**;

3. Defendant's motion to preserve case agents' notes (Doc. 27) is **DENIED** as **MOOT**;

4. Defendant's motion for production of exculpatory evidence (Doc. 28) is **DENIED** as **MOOT;**

5. Defendant's motion for pretrial notice of other bad acts evidence (Doc. 29) is **DENIED** as **PREMATURE**; and

6. Defendant's motion for notice of expert testimony (Doc. 30) is **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

Date: 9/17/12            *s/ Timothy S. Black*
Timothy S. Black
United States District Judge